JOURNAL ENTRY and OPINION.
{¶ 1} Morris and Beth Gatlin appeal the trial court's sua sponte dismissal of their complaint. We find merit to the appeal and reverse and remand for further proceedings.
 {¶ 2} The Gatlins originally filed a complaint against Bonnerville Development, Inc. for breach of a construction contract. On May 15, 1999, the Gatlins entered into a settlement agreement with Bonnerville and the original case was dismissed with prejudice.
 {¶ 3} According to the Gatlins, Bonnerville breached the settlement agreement and, therefore, on May 9, 2001, they filed the underlying action as a new complaint ("the new case") which was assigned to a second judge. Bonnerville's answer stated that it had fully complied with the settlement agreement.
 {¶ 4} On May 22, 2001, the second judge transferred the new case to the first judge who had presided over the original case involving the breach of the construction contract. However, the first judge transferred the new case back to the second judge stating in the journal entry:
 {¶ 5} "As case CV 351207 [the breach of construction contract case] was dismissed with prejudice on 3-5-01, this matter is not a refiled action and is properly filed before [the second judge]." [Inserts added].
 {¶ 6} On August 3, 2001, without a motion by either party, the second judge dismissed the new case, stating in the journal entry:
 {¶ 7} "This case, previously filed as 351207 was SD with prejudice. Case dismissed as not properly before the court. 60(B) motion pending in 351207 with [the first judge]. Final."
 {¶ 8} The Gatlins raise two assignments of error in this appeal. They argue that the trial court erred by dismissing their case because the civil rules do not allow a sua sponte dismissal without notice or opportunity to the parties to respond. They also contend that they properly filed their claim for breach of the settlement agreement separately from the case in which they alleged breach of the construction contract.
 {¶ 9} We find that the new case alleging breach of the settlement agreement should have been assigned to the docket of the first judge as was done by the trial court in Tepper v. Heck (Dec. 10, 1992), Cuyahoga Dist. No. 61061. When the original case was dismissed by the first judge, the journal entry declared that the matter was settled and dismissed, indicating the case was conditionally dismissed and thus allowing the first judge to retain authority over the case if the terms were not met. Apparently, a Civ.R. 60(B) motion seeking to vacate the settlement was also pending in the first case.
 {¶ 10} However, we disagree with the manner in which the trial court resolved the issue by sua sponte dismissing the case after the first judge erroneously refused to accept the case on the judge's docket. This left the Gatlins with no means to seek reassignment of the case to the proper docket.
 {¶ 11} Instead of dismissing the case after the first judge refused to accept the transfer of the case, the second judge should have referred the matter to the administrative judge for reassignment. Local Rule 15(H) states:
 {¶ 12} "(H) Pursuant to Civil Rule 42, when actions involving a common question of law and fact are pending in this Court, upon motion by any party, the Court may order a joint trial of any or all of the matters in issue; it may order all or some of the actions consolidated * * *.
 {¶ 13} "All the judges involved in the consolidation motion shall confer in an effort to expedite the ruling. The Judge who has the lowest numbered case shall rule on the motion. In the event that the judgescannot agree, the motion shall be referred to the Administrative Judgefor ruling." (Emphasis added.)
 {¶ 14} Although the local rule requires that a motion to consolidate be filed, the second judge's attempt to transfer the case to the first judge was essentially that — an attempt to consolidate the cases. If a hearing had been held prior to the trial court's sua sponte dismissal of the new case, a motion to consolidate could have been suggested by the parties or the judge. The Gatlins, having no notice of the court's intention to dismiss their case, were left with no avenue to obtain reassignment to the first judge's docket.
 {¶ 15} The first and second assignments of error are sustained.
 {¶ 16} Judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J. CONCURS; DIANE KARPINSKI, J. DISSENTS WITH SEPARATE DISSENTING OPINION.